Afanassieva v. Page Transportation, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-two.

PRESENT:
>JOHN M. WALKER, JR.,
>ROSEMARY S. POOLER,
>MICHAEL H. PARK,
>*Circuit Judges.*

---

TATIANA AFANASSIEVA, ARTHUR KUKUYEV,

>*Plaintiffs-Appellants*,

v.                                                                      21-3090

PAGE TRANSPORTATION, INC., MICHAEL MONTAGUE,

>*Defendants-Appellees.*

---

| FOR PLAINTIFFS-APPELLANTS: | Vladimir Tsirkin, Vladimir Tsirkin & Associates, P.A., Hallandale Beach, FL. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Harold L. Moroknek, Nadia E. Niazi, Marshall Dennehey Warner Coleman & Goggin, P.C., Purchase, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Tatiana Afanassieva and Arthur Kukuyev sued Defendants Michael Montague and Page Transportation, Inc. based on diversity jurisdiction for personal injuries from a car accident in New Jersey. The district court dismissed Plaintiffs' complaint as time-barred under New Jersey's statute of limitations for personal injury actions. N.J. Stat. Ann. § 2A:14-2(a) (West 2022). Plaintiffs filed a motion for reconsideration, arguing that New York Civil Practice Law and Rules ("C.P.L.R.") § 202 required applying New York executive orders tolling New York statutes of limitations to the New Jersey statute of limitations to make their claim timely. N.Y. C.P.L.R. § 202 (McKinney 2022); N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.8 (2020). The district court denied the motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For substantially the same reasons as the district court, we affirm the dismissal of Plaintiffs' complaint.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Goe v. Zucker*, 43 F.4th 19, 28 (2d Cir. 2022). Specifically, "we review the district court's interpretation and application of a statute of limitations *de novo*." *Bainbridge Fund Ltd. v. Republic of Argentina*, 37 F.4th 847, 850 (2d Cir. 2022) (cleaned up).

C.P.L.R. § 202, New York's "borrowing statute," states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

2

N.Y. C.P.L.R. § 202. "[W]hen a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015) (quoting *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998)). The calculation of the foreign state's statute of limitations must include "all the extensions and tolls applied in the foreign state." *Id.* at 500 (cleaned up); *see also Antone v. Gen. Motors Corp., Buick Motor Div.*, 473 N.E.2d 742, 747 (N.Y. 1984) ("It is true that in 'borrowing' a Statute of Limitations of another State, a New York court will also 'borrow' the other State's rules as to tolling.").

At the start of the COVID-19 pandemic, New Jersey's Chief Justice issued a series of orders extending New Jersey filing deadlines for 56 days.[1] New York's Governor issued executive orders tolling New York statutes of limitations for 228 days. *See* N.Y. Comp. Codes R. & Regs. tit. 9, §§ 8.202.67, 8.202.8 (2020).

The parties agree that Plaintiffs' cause of action accrued on April 5, 2018, Plaintiffs are New Jersey residents, and C.P.L.R. § 202 applies. The district court found that Plaintiffs should have brought their claims by June 1, 2020. It arrived at this deadline by adding the 56-day extension for New Jersey filing deadlines to the two-year statute of limitations for personal injury claims under New Jersey law.[2] Plaintiffs did not file their claims until September 15, 2020, so the

---

[1] *See Order – (a) Permitting the Extension of Civil and Family (Dissolution) Discovery Deadlines and (b) Tolling Filing Deadlines Through March 27 for All Matters*, N.J. Cts. (Mar. 17, 2020), *available at* https://www.njcourts.gov/notices/2020/n200317d.pdf; *Notice and Order – Covid-19 – Second Omnibus Order on Court Operations and Legal Practice*, N.J. Cts. (Apr. 24, 2020), *available at* https://www.njcourts.gov/notices/2020/n200424a.pdf.

[2] A New Jersey court recently interpreted the state's pandemic-related orders as suspending, not tolling the statutes of limitations. *See Barron v. Gersten*, 277 A.3d 502, 506 (N.J. Super. Ct. App. Div. 2022) ("The order did not have the effect of adding days to any statute of limitations."). Whether the New Jersey orders tolled or suspended the deadlines here, Plaintiffs were untimely under either calculation.

district court found the claims to be untimely.

Plaintiffs argue that the district court should have applied New York's 228-day tolling period instead of New Jersey's 56-day period. This is incorrect. For causes of action accruing outside New York, C.P.L.R. § 202 applies the shorter limitations period as between that state (here New Jersey) and New York, unless the plaintiffs are New York residents, in which case, they may benefit from the New York limitations period if it is longer. Plaintiffs here are New Jersey residents, so the exception does not apply and the shorter limitations period applies. *See Thea*, 807 F.3d at 497.

Courts applying C.P.L.R. § 202 have consistently made two separate calculations. First, they look to the foreign state's "whole body of limitations law" and calculate the foreign state's statute of limitations, inclusive of any tolls and extensions. 1 Jack B. Weinstein, Harold L. Korn, Arthur R. Miller, New York Civil Practice: CPLR ¶ 202.02 (David L. Ferstendig ed., 2022). Second, they do the same for New York's laws. Plaintiffs must bring their claim within the shorter of the resulting two periods. *See, e.g.*, *Ins. Co. of N. Am. v. ABB Power Generation, Inc.*, 690 N.E.2d 1249, 1252–53 (N.Y. 1997); *Stuart*, 158 F.3d at 627–29; *SOCAR (Societe Cameroonaise d'Assurance et de Reassurance) v. Boeing Co.*, 144 F. Supp. 3d 391, 395–98 (E.D.N.Y. 2015); *Vincent v. Money Store*, 915 F. Supp. 2d 553, 568–72 (S.D.N.Y. 2013). The district court thus properly applied New York tolling periods only to New York law, not to New Jersey law.

As the district court explained, applying the shorter limitations period here is consistent with the goals of C.P.L.R. § 202. First, it prevents forum shopping. *See In re Coudert Bros. LLP*, 673 F.3d 180, 190 (2d Cir. 2012) ("New York's borrowing statute, N.Y. C.P.L.R. § 202, guards against forum shopping by out-of-state plaintiffs by mandating use of the *shortest* statute of limitations available."). Second, C.P.L.R. § 202 provides clarity for litigants. *See 2138747*

4

*Ontario, Inc. v. Samsung C & T Corp.*, 103 N.E.3d 774, 780 (N.Y. 2018) ("CPLR 202 is also designed to add clarity to the law and to provide the certainty of uniform application to litigants." (cleaned up)). Plaintiffs may not avoid New Jersey's shorter statute of limitations—and its shorter pandemic tolling period—by filing in New York.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

<div align="center" style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>